# IN THE MATTER OF A. DE LAHONGRAIS, Bankrupt.

San Juan, Bankruptcy, No. 382.

Opinion filed June 25, 1923.

*Mr. Nelson Gammans* for petitioning creditors.

*Mr. Alberto S. Povenlud, Mr. P. Albizu Campos,* and *Mr. Frank Antonsanti* for R. V. Perez-Marchand.

ODLIN, Judge, delivered the following opinion:

On February 9, 1923, there was filed in the office of the clerk of this court a petition on behalf of certain creditors of the above-named bankrupt setting forth one fact which is admitted, which is the effect that on or about January 18, 1922, an order was made by the former referee in bankruptcy at Ponce allowing to R. V. Perez-Marchand, as attorney for the said bankrupt, the sum of $2,500 for services claimed to have been rendered herein. Immediate payment of said sum was ordered and the said R. V. Perez-Marchand received the money. It is further alleged in and by said petition that while it was stated that the bankrupt estate was worth $60,000, its actual value was at most $12,000, and that the amount distributed to creditors on the first dividend was less than $1,300, and therefore the sum of $2,500 allowance to attorney for the bankrupt is extremely excessive and improperly made.

The important and material allegation in the petition is, however, that this allowance was made without any notice to the creditors and that these petitioners learned of the granting of said allowance about January of the present year, and that they acted immediately upon receiving such information, and have therefore been guilty of no laches. It is further alleged that application was made to the trustee in bankruptcy in this case to take action toward obtaining reimbursement to the bankrupt estate of said allowance, or the greater part thereof, and that the trustee refused to take any action. The petition closes with a prayer that this court order the said R. V. Perez-Marchand to return forthwith to the trustee the sum of $2,250, which sum, when returned, shall constitute part of the assets

of the bankrupt estate. This petition is filed on behalf of eleven creditors of the bankrupt.

Numerous affidavits have been filed in support of this petition, and the court believes that the facts therein set forth are true and correct. Numerous pleadings have been filed on behalf of the said R. V. Perez-Marchand, which the court has carefully considered, and all these objections to the petition are summarized in an answer which was filed on June 21, 1923. I will take these up in their order.

The first point made is that this court has no jurisdiction to review an order made by a referee in bankruptcy over a year previous to the filing of the petition. It is claimed that the time for filing a petition to review cannot be antedated by an order nunc pro tunc when the time therefor has already expired, and that the same cannot be arrested or recalled by a simple order of the court. In answer to this it is sufficient to say that there is no pretense of any application being made to the undersigned judge to sign any order nunc pro tunc. This is a simple question as to the power of the judge of this court to pass upon an order made by a former referee in bankruptcy without knowledge of the creditors of the bankrupt and never reported to the court in any way until the knowledge of the action of the referee reached the creditors. It is my view that when an action of this kind is taken the creditors have a perfect right to seek a review by the judge of this court of proceedings of this illegal and improper character just as soon as they learn that such proceedings have taken place.

The next point made is that Rule 88 of this court and General Order 27 in Bankruptcy constitute certain rules of practice which must guide this court in cases like the one now under

consideration; and that it is not an equitable or just principle of action that the parties be allowed to move the court to punch through the letter and spirit of their own rules, and because it is likewise contrary to the rule of reason that the court decide against the vested rights of the respondent notwithstanding the laches of the petitioning creditors. In answer to this contention it is sufficient to say that Rule 88 of this court, which is as follows: "A petition for review shall be filed with the referee in bankruptcy within twenty days from the decision complained of or it shall be considered waived. The referee shall certify up papers as provided by Bankruptcy Rule 27 within one week from the time such petition is filed with him," and General Order 27 in Bankruptcy never were intended and cannot be made to apply to actions taken by referees in bankruptcy without the knowledge of the creditors and without the knowledge of the court, no matter how much time may elapse between the signing of such illegal and improper orders and the time when information in respect to such action reaches the creditors.

Therefore, the action sought by the petitioners in the present case is in no way to be regarded as an attempt to ask this court to punch through the letter and spirit of its own rules. On the contrary, I consider that it is an honest and proper attempt on the part of these creditors to protect themselves against an illegal, unauthorized, and unjustified action taken by the former referee in bankruptcy in favor of a certain attorney representing the bankrupt, and that it is the duty of the court to correct such action.

I further held that the respondent has no vested rights, as claimed by him in his answer. When he received that money

he took it subject to the review of this court upon a proper petition. I further hold that there has been no laches on the part of the petitioners. The proofs which have been submitted to me show clearly that these petitioning creditors acted with proper promptness in applying to the judge of this court for relief against the payment, with respect to which complaint has been made. It further appears in and by the answer filed by the said R. V. Perez-Marchand that the referee in charge proceeded on a bona fide basis of a percentage of the estate when he ordered payment to the respondent. Even assuming that the estate had been actually worth $60,000, the allowance of $2,500 in cash to the attorney for the bankrupt within a few days after the filing of the petition would have been grossly excessive, and while this basis alleged to have been utilized by the former referee as being a bona fide basis in his own mind, the former referee showed either undue favoritism or gross ignorance of his duties in allowing any such sum as $2,500, and ordering the same paid at once.

It is next alleged in the answer filed by the said R. V. Perez-Marchand that the said former referee in bankruptcy in good faith followed precedents of this court in similar cases when he ordered payment of fees to the said R. V. Perez-Marchand. No such precedents are cited in support of this allegation. I will say, however, that since I have become judge of this court I have found that the same former referee did commit similar acts of gross and excessive allowances in other bankruptcy cases to certain attorneys in the city of Ponce, and these cases are now before me for review under circumstances similar to these existing in the present case, and I am ordering such refunds to be made as I deem proper.

It is next alleged in and by said answer that the said R. V. Perez-Marchand filed his petition for his allowance and obtained payment of the said sum of $2,500 at a time when the estate was known to the referee in charge to justify the amount received. I am utterly unable to understand this portion of the answer. It is of course ridiculous to state that a referee in bankruptcy could have knowledge that the bankrupt estate amounted to $60,000 before it was disposed of, and the actual result shows that it yielded less than $12,000.

The answer of the respondent concludes with the claim that the remedy now sought in this court will result in an unjust discrimination against the said R. V. Perez-Marchand, if his fees and his remuneration are to be the only matters reviewed; because he claims that the attorney for the petitioners has received $600 out of this same bankrupt estate for services rendered in the collection of debts due the said estate for and in behalf of the temporary receiver in the case, which services and collections netted exactly $1.50 as an addition to the estate. All that it is needful to say in regard to this closing paragraph of the answer is that if the statement be true, then the proper action to be taken is to apply to the undersigned judge of this court to compel the attorney for the receiver to make a refund of the larger portion of the said alleged payment of $600. Mr. R. V. Perez-Marchand knows very well that this court does not propose to require a refund by any attorney without a formal petition followed by a notice and a hearing.

I therefore am obliged to hold that the said payment of $2,500, which was made by direction of the former referee in bankruptcy at Ponce to the said R. V. Perez-Marchand, dated January 17, 1922, based upon a petition filed by R. V. Perez-

Marchand with the said former referee in bankruptcy at Ponce on January 16, 1922, one day previous, was utterly illegal, null, and void. The sum of $250 in my judgment would be ample remuneration for Mr. R. V. Perez-Marchand for his services rendered in this case. Any sum in excess thereof is virtually robbing the creditors of the bankrupt, and if I were to deny relief in the present case I would feel that I was making myself largely responsible for the gross abuses and evil administration of the Bankruptcy Law of the act of Congress of the United States as it was administered and handled in the Ponce division of this court previous to the time that I accepted the resignation of Mr. Arturo Ortiz Toro as referee and named in his place Mr. Antonio Torres Cordova.

It is therefore Ordered that said R. V. Perez-Marchand pay to the trustee in bankruptcy in the above-entitled cause on or before the 21st day of July, 1923, the sum of $2,250. Failing to make such payment, the trustee will report the matter to this court immediately for such further action as this court may see proper to take to enforce this order.

To this order Mr. R. V. Perez-Marchand excepts.

Done and Ordered in open court at San Juan, Porto Rico, this 25th day of June, 1923.